**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2035
_____

ROBERT H. LEE, JR.,
                              Appellant

v.

CITY OF PHILADELPHIA, ET AL.; DEREK A. STEENSON, ESQ.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-14-cv-06096)
District Judge Mark A. Kearney

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 1, 2015
Before: AMBRO, VANASKIE and SLOVITER, Circuit Judges

(Filed: October 5, 2015)
_____

OPINION[*]
_____

PER CURIAM

    Robert H. Lee, Jr. appeals from the District Court's order dismissing his

complaint.  For the following reasons, we will affirm.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Lee filed a civil rights action pursuant to 42 U.S.C. § 1983 against the City of Philadelphia and his former attorney, Derek Steenson. The matter arose from the police response to a domestic dispute at Lee's home. He alleged that the police did not properly handle the situation because they sided with his wife and filed a report falsely identifying him as the offender. Lee requested an internal investigation and hired an attorney to represent his interests, but his attorney was not permitted to question interviewees during the investigation. The result of the internal investigation was that Lee's complaint against the police officers was deemed unfounded. He then filed suit in the District Court, alleging that the Defendants violated his constitutional rights. He also asserted claims of civil conspiracy, breach of fiduciary duty, and breach of contract.[1]

The Defendants moved to dismiss the complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief may be granted. The District Court granted the motions, concluding that Lee failed to allege facts sufficient to support his § 1983 claims. The court also declined to exercise supplemental jurisdiction over his state claims for conspiracy, breach of contract, and breach of fiduciary duty. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a district court's decision to grant a Rule 12(b)(6) motion to dismiss. Fleisher v.

[1] Lee, a former police officer, alleged that he had previously settled an employment discrimination lawsuit with the City and that the police actions complained of in this matter were in violation of, or retaliation for, that settlement.

2

Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012). "[I]n deciding a motion to dismiss, all well-pleaded allegations . . . must be taken as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in favor of them." McTernan v. City of York, 577 F.3d 521, 526 (3d Cir. 2009). To withstand a motion to dismiss, a complaint "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We construe Lee's pro se pleadings liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), and we may affirm on any basis supported by the record, Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

We agree with the District Court that Lee failed to plead sufficient facts to support his § 1983 claims. To succeed under 42 U.S.C. § 1983, a plaintiff "must establish that [he] was deprived of a federal constitutional or statutory right by a state actor." Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009). Although Lee generally alleged violations of his Fourth and Fourteenth Amendment rights, his specific allegations were that the police (1) forced him to show his driver's license and leave his home during the domestic dispute, (2) incorrectly listed him as the offender in a report, and (3) did not allow his attorney to question a police officer during the internal investigation. As the District Court concluded, these facts do not expressly implicate the deprivation of a federal

3

constitutional or statutory right by the City of Philadelphia,[2] rendering Lee's allegations insufficient to state a claim under § 1983.

Nor does it appear that these allegations could suffice to implicate a constitutional right. Lee has cited no authority for the notion that his constitutional rights were violated when the police required him to identify himself with his driver's license and leave his home, and we are not aware of any that would apply to these allegations. As for the allegedly false police report, Lee did not claim that it was used against him in any proceedings, and the mere existence of such a report does not deprive a person of a constitutional right. See Landrigan v. City of Warwick, 628 F.2d 736, 744 (1st Cir. 1980). Finally, there is no constitutional right to the investigation of another, Mitchell v. McNeil, 487 F.3d 374, 378 (6th Cir. 2007), so we fail to see how the restriction placed on Lee's attorney during the internal police investigation could implicate the deprivation of a federal constitutional or statutory right.

Lee also failed to allege sufficient facts to hold the city liable for the acts of its police officers. A municipality cannot be held liable in a § 1983 action on a theory of respondeat superior. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). Instead, liability may be imposed only where it can be shown that the municipality had a policy, regulation, custom, or practice that led to the constitutional violation. See Mulholland v. County of Berks, 706 F.3d 227, 237 (3d Cir. 2013). As noted by the

---

[2] Although Lee named individual police officers, it does not appear that they were served with the complaint, and they are not listed as parties on the District Court docket.

District Court, Lee's complaint described only his personal experiences and contained no allegations whatsoever of a policy, custom, or practice of the City that resulted in the alleged violation of his constitutional rights. Lastly, to the extent the complaint may be read to allege a claim of conspiracy under §1983 between the City and Lee's former attorney, we agree with the District Court that Lee's vague allegations are insufficient to support an inference that the Defendants made an agreement to deprive Lee of his constitutional rights. See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 178 (3d Cir. 2010).

Although Lee asserts on appeal that the District Court erred in dismissing his complaint, he presents nothing that addresses the deficiencies in his pleading or otherwise casts any doubt upon the court's conclusions. Nor has he shown that he should have been permitted to amend his complaint – a course of action he does not appear to have sought in the District Court. It is apparent from the District Court's memorandum order that the shortcomings in Lee's claims were such that amendment would be futile. See Phillips v. County of Allegheny, 515 F.3d 224, 245-46 (3d Cir. 2008).

Finally, the District Court appropriately refused to exercise supplemental jurisdiction over the remaining state law claims. In general, a district court may decline to decide state law claims when the federal claims over which it had original jurisdiction are dismissed. See 28 U.S.C. § 1367(c)(3); Borough of W. Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995). Here, Lee has failed to persuasively argue any considerations

5

that would warrant the exercise of jurisdiction over his state law claims given that his federal claims are no longer viable.

Accordingly, we will affirm the order of the District Court.